IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ATKINSON COUNTY SOLID WASTE AUTHORITY, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>AGRICULTURE RURAL ECONOMIC, )<br>)<br>Defendant. ) | CIVIL ACTION NO.: 5:18-CV-013 |

### **RULE 26(f) REPORT**

The following parties or their attorneys held a conference pursuant to Federal Rule of Civil Procedure 26(f) and have discussed the case and conferred to prepare the following Rule 26(f) Report for the above-captioned case:

*(Identify, for each party, the counsel or unrepresented parties who attended the Rule 26(f) Conference, the date of the Rule 26(f) Conference, and the counsel or unrepresented parties who participated in preparing the Rule 26(f) Report).*

**The Rule 26(f) conference was held on April 27, 2018 at 10 am.**

**Counsel for Plaintiff:**
**L. Robert Lovett**
**Matthew M. Myers**

**Counsel for Defendant:**
**Shannon Statkus, Assistant United States Attorney**

I.  **INITIAL MATTERS:**
    A. Jurisdiction and Venue:
       The defendant(s)

       ☐ does   ☑ does not

       contest jurisdiction and/or venue.

    B. Immunity:

1

The defendant(s)

☐ raised  ☐ will raise  ☑ will not raise

an immunity defense based on initial allegations in the complaint. Defendant reserves the right to raise such a defense should the allegations be amended.

C. <u>Stay of Discovery due to Motion to Dismiss</u>:

If either jurisdiction or venue is being challenged, or if a defense of immunity or some other initial defense will be raised, via a motion to dismiss or otherwise, state whether the parties wish to delay proceeding with the initial phases of discovery until those issues have been decided, and, if so, state (i) the earliest a motion to dismiss or transfer will be filed; and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion.

**N/A**

## II. SETTLEMENT:

A. Counsel state:

☐ The parties have not yet taken any efforts to resolve this dispute.

[X] The parties have taken efforts to resolve this dispute, and those efforts generally consisted of: **Discussing the fact that the Defendant is willing to consider release of some of the encumbered land contingent on Plaintiff undergoing another approved survey of the land to see if the endangered or threatened species habitat is still on the land. If the survey results conclude that the habitat is not on the land, the Defendant will consider release of the easement as to those portions.**

B. Counsel have discussed between themselves and explored with their clients early involvement in alternative dispute resolution, and:

☐ The parties are prepared to discuss settlement with the Court at this time.

☐ The parties will not be prepared to discuss settlement until _____

Explain (include specifically what discovery the parties need in order to discuss settlement):

**The parties would like to negotiate settlement between themselves at this point and do not feel that ADR is necessary.**

## III. INITIAL DISCLOSURES AND SCHEDULING CONFERENCE:

a. <u>Initial Disclosures</u>:

Rule 26(a)(1) disclosures:

☐ have been completed.  ☑ will be completed by May 11, 2018

*Unless otherwise ordered, mandatory disclosures required by Federal Rule of Civil*

*Procedure 26(a)(1) must be made within fourteen (14) days of the Parties' Rule 26(f) Conference. If any party is requesting additional time for providing additional disclosures, please explain why.*

**No party objects to making Rule 26(a)(1) initial disclosures.**

    b.    <u>Scheduling Conference</u>:

*As explained in the Rule 26 Instruction Order, the Court may hold a Scheduling Conference (to be attended only by counsel and any unrepresented parties) before entering a Scheduling Order. The Court prefers that lead counsel and any unrepresented parties attend the Scheduling Conference in person but will allow appearance via telephone upon a showing of good cause. The Scheduling Conference should be held no more than twenty (20) days after the submission of this Report. If any party is requesting that the conference be held outside of this time period, please explain why.*

The parties propose the following dates for a Scheduling Conference:

| | |
|---|---|
| Last day for filing motions to add or join parties or amend pleadings | 60 days after issue is joined |
| Last day to file expert witness report by plaintiff | June 10, 2018 |
| Last day to file expert witness report by a defendant | July 10, 2018 |
| Close of Discovery | August 10, 2018 |
| Last day to file motions | September 10, 2018 |

**IV.**    **DISCOVERY**

*By Local Rule 26.1(d), all discovery (including the fling of any discovery motions) is to be completed within 140 days of the last answer of the defendants named in the original complaint. If any party proposes any discovery deadline outside of this time period, please state the reason why such time is necessary.*

    a.    Fact Based Discovery.

        i.    Written discovery under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by 30 days after Defendant Expert Report is filed.

        ii.    The maximum number of interrogatories, including sub-parts, that may be

3

      served by any party on any other party is 25.

      (*If any party seeks to exceed the limit of twenty-five (25) interrogatories set by Federal Rule of Civil Procedure 33(a)(1), please state why.*)

      **N/A**

  iii. Discovery depositions of witnesses who have not been designated as experts, will be completed by **August 10, 2018.**

  iv. The maximum number of depositions (including all expert and non-expert) that may be taken by a party is **10.**

      (*If any party seeks to exceed the limit of ten (10) depositions set by Federal Rule of Civil Procedure 30(a)(2)(A)(i), please state why.*)

      **N/A**

  v. Depositions will be limited in duration by Federal Rule of Civil Procedure 30(d)(1), except the depositions of

      **N/A**

  which by agreement shall be limited as follows:

      **N/A**

  vi. Depositions of all witnesses (whether fact or expert) that are *de ben esse depositions* and taken not for discovery but for testimony to be used at trial will be completed by **August 10, 2018.**

b.   Expert Discovery.

  i. Expert Reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C), shall be served by

      **Plaintiff Expert report**        **June 10, 2018**
      **Defendant Expert Report**      **July 10, 2018**

  ii. Discovery depositions of all witnesses who have been designated as experts will be completed by **August 10, 2018.**

c.   Agreed Discovery Procedures:

  i.   <u>Unique Circumstances</u>.

Are there any facts or circumstances unique to this case that will make fact

4

       discovery more difficult or more time consuming? If so, please explain such facts and circumstances and the actions the parties have agreed upon to address them:

       **None at this time.**

    ii.   <u>Phased Discovery</u>.

       Does any party propose that discovery be limited or proceed in phases (discovery into one issue or set of facts first and then discovery into other issues or set of facts at a later time)? If so, please list each party making such a proposal and briefly explain the party's proposal:

       **None at this time.**

d.    Electronically Stored Information:

By signing below, the parties certify that they have conferred together regarding the preservation and production of electronically stored information that may be relevant to the disposition of this suit as specifically required by the Rule 26 Instruction Order. The parties are prepared to discuss discovery of electronically stored information with the Court at the Rule 26 Instruction Conference.

1) Do the parties anticipate any disagreements about electronic discovery? If so, please explain:

       **The parties do not anticipate any disagreements.**

2) Do the parties anticipate that any special provisions are needed in the Scheduling Order in respect to electronic discovery? If so, please explain:

       **Parties believe that all discoverable electronic information pertaining to this case has been preserved, both by Plaintiff and by the Defendant's government agency, during the administrative, pre-litigation phase of this dispute.**

       **The Government is unaware at this time of any electronic discovery or electronically stored information that is subject to initial disclosures other than medical records and those have been preserved by Defendant. The parties agree to take reasonable steps to preserve any electronically stored information that is**

5

**subject to discovery in this litigation (whether or not a party believes that the information is subject to privilege or otherwise protected from disclosure). In the event that any party possesses electronically stored information subject to disclosure under Fed. R. Civ. P. 26(a)(1)(B) and not otherwise privileged or protected from disclosure, that party agrees to make the necessary disclosures.**

**With respect to formal discovery requests seeking electronic information, the parties agree to address any matters relating to the production of such information during the normal course of discovery as the requests are made.**

3) Do the parties otherwise seek to bring any issue regarding electronic discovery to the Court's attention? If so, please explain:

**The parties do not seek to bring any such issue to the Court's attention at this time.**

e.   Privileged, Protected, and/or Confidential Communications and Information.

The parties certify that they have conferred together regarding any documents or information withheld due to claims of privilege, confidentiality, or other protections as required by the Rule 26 Instruction Order.

1) Have the parties reached an agreement regarding the procedures for asserting claims of privilege, confidentiality, or protection? If so, please briefly describe such agreement:

**The United States submits that any materials assimilated by government lawyers in anticipation of litigation are protected from discovery under the attorney client privilege. Unless there exists a sound legal basis not to do so, with respect to a particular document or item, the parties agree to sufficiently identify any responsive documents which are being withheld (in addition to asserting an objection to disclosure in the response), such that the requesting party may be able to make an assessment of the responding party's assertion of privilege and decide whether to**

6

**challenge that assertion. The parties agree to address these matters as they are presented during the normal course of discovery. The same applies to Plaintiff.**

2) Are there terms of any agreement regarding privileged, protected, or confidential information that the parties wish to have memorialized in the Scheduling Order? If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters. Please include below or in an attachment a statement of good cause explaining the need for entry of such an order:

   **None at this time.**

3) Are there any issues regarding claims of privilege, confidentiality, or protection as to which the parties have been unable to reach an agreement? If so, please explain:

   **None at this time.**

f.  Protected Health Information.

1) Do the parties anticipate that this case will involve an individual's medical records and/or protected health information including any information that may be protected by the Health Insurance Portability and Accountability Act (HIPAA) and/or any state or federal privilege or protection for health information?

   **The parties do not anticipate that this case will involve HIPAA or health information.**

2) Has any individual whose protected health information could be relevant to this case executed a release allowing for counsel of the opposing party to obtain protected health information directly from health care providers?

   **N/ A**

3) Have the parties reached any agreements regarding the protection of such information including any agreements regarding the further disclosure of such information?

   **N/A**

4) Are there terms of any agreement regarding protected health information that the parties wish to have memorialized in the scheduling order? If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters. Please include below or in the attachment a statement of good cause explaining the need for entry of such an order:

   **N/A**

7

5) Are there any issues regarding protected health information as to which the parties have been unable to reach an agreement? If so, please explain:

**N/A**

**V.     Motion Deadlines**

a. Motions to amend the pleadings or to add parties.

*By Local Rule 16.3, all motions to amend pleadings or add parties are to be filed within sixty (60) days after the first filing of an answer. If any party is requesting more than this time, please state the reason(s) why such time is necessary.*

**No party is making such a request at this time**.

   i. The plaintiff(s)

   ☐ does    ☒ does not

   anticipate need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by_____.

   ii. The defendant

   ☐ does    ☒ does not

   anticipate need to amend pleadings or add parties (*If there are multiple defendants, and less than all defendants anticipate needing to amend pleadings or add parties, please indicate which defendants so anticipate*). Any motions to amend pleadings shall be filed by **May 7, 2018.**

b. Other Motions (Except Motions in Limine).

*If any party is requesting a deadline to file motions (other than motions in limine) more than thirty (30) days after the deadline to complete discovery, please state the reason why such time is necessary.*

**No party is making such a request at this time.**

All other motions, excluding motions in limine, but including motions for summary judgment and motions to exclude expert testimony on *Daubert* and other grounds, will be filed by **September 10, 2018.**

8

**VI.     Additional Matters**

Please state any other matters to which the parties stipulate and/or which the court should know or consider before entering the Scheduling Order:

**None at this time.**

Dated:  April 27, 2018

*/s/ L. Robert Lovett*

Counsel for Plaintiff(s)

*/s/ Shannon Heath Statkus*

Counsel for Defendant(s)
